IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TAYLOR FREEMAN**, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**AMPLIFYBIO, LLC**,<br><br>Defendant. | Case No. 2:25-cv-00561<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Taylor Freeman, on his own behalf and on behalf of others similarly situated, upon information and belief except as to his own experiences and matters of public record, complains of Defendant AmplifyBio, LLC, as follows:

### INTRODUCTION

1. This case arises under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 ("WARN Act").

2. Defendant AmplifyBio, LLC, operated two facilities in the Columbus area: one at 1425 Plain City–Georgesville Road, West Jefferson, Ohio 43162 ("the West Jefferson Facility") and another at 9885 Innovation Campus Way, New Albany, Ohio 43054 ("the New Albany Facility"), where Plaintiff and other similarly situated employees worked.

3. On or around April 4, 2025, Defendant terminated the employment of approximately 200 employees at the Facilities, including Plaintiff's, as part of plant closings or mass layoffs, as those terms are defined in the WARN Act, that resulted in the total closure of the Facilities.

4. In violation of the Act, Defendant failed to provide at least 60 days' notice of these layoffs.

5. Plaintiff brings this action on his own behalf, and on behalf of similarly-situated former employees of Defendant whose employment was terminated as part of the plant closings or mass layoffs conducted by Defendant at the Facilities in April 2025, to remedy Defendant's violation of the Act.

## JURISDICTION AND VENUE

6. The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District and under § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

8. Plaintiff Taylor Freeman is a resident of Ohio.

9. Defendant AmplifyBio, LLC, is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 1425 Plain City–Georgesville Road, West Jefferson, Ohio 43162.

## FACTUAL ALLEGATIONS

10. Defendant is a contract development and a manufacturing organization in the business of developing and manufacturing pharmaceutical products under contract with other pharmaceutical companies.

11. Defendant's headquarters are located at the West Jefferson Facility.

12. Defendant previously employed approximately 200 employees at the Facilities.

13. Plaintiff is a former employee of Defendant who worked at the West Jefferson Facility.

14. On April 4, 2025, Defendant gave notice to its employees and state and local authorities that it was closing the Facilities and laying off all its employees with immediate effect.

15. Plaintiff's employment with Defendant was terminated on April 4, 2025.

16. The employment of all other employees of Defendant working at the Facilities was terminated on April 4, 2025.

17. Defendant neither offered nor paid to Plaintiff any severance payments before terminating his employment.

18. The WARN Act required Defendant to give its employees, including Plaintiff, at least 60 days' notice of the April 4, 2025 layoffs.

19. Defendant gave its employees, including Plaintiff, no prior notice of the April 4, 2025 layoffs.

20. Defendant's no-notice violation of the WARN Act was willful, and Defendant was without reasonable grounds for believing that it was not a violation of the WARN Act.

## CLASS ALLEGATIONS

21. Plaintiff brings this action under Federal Rule of Civil Procedure 23 on behalf of a putative class similarly situated former employees of Defendant ("the Class"), defined as follows:

> **All former employees of Defendant whose employment at the Facilities was terminated by Defendant as part of plant closings or mass layoffs within 90 days of April 4, 2025.**

22. The Class is so numerous that joinder of all members is impracticable because it contains approximately 200 members.

23. There are questions of law or fact common to the Class, including whether the WARN Act required Defendant to give Plaintiff and other Class members 60 days' notice of the April 4, 2025 plant closings or mass layoffs at the Facilities, and whether Defendant gave the required notice.

24. Plaintiff's claim is typical of the Class's because it arises from the same conduct under the same statute and seeks the same relief, and Plaintiff has no interests antagonistic to other Class members.

25. Plaintiff will fairly and adequately protect the interests of the Class because Plaintiff shares the Class's interest in recovering the relief to which the WARN Act entitles them.

26. The questions of law or fact common to the Class predominate over any questions affecting only individual members because only the amount of Plaintiff's and Class member's damages requires individualized inquiry.

27. A class action is superior to other available methods for the fair and efficient adjudication of Plaintiff's and Class members' claims because Defendant's liability to Plaintiff and Class members will be proved by the same evidence under the same statute and because individual Class members have no or minimal interest in controlling the prosecution of separate actions.

## COUNT I
### Violation of 42 U.S.C. § 2102

28. Plaintiff incorporates and realleges paragraphs 1–21 above.

29. Defendant was an "employer" within the meaning of the WARN Act because it employed at least 100 full-time employees or at least 100 employees who in the aggregate worked at least 4,000 hours per week.

30. The April 4, 2025 layoffs at the Facilities were "plant closings" or "mass layoffs" within the meaning of the WARN Act because they resulted either in the temporary or permanent shutdown of the Facilities and the termination of at least 50 full-time employees' employment there, or in the termination of the employment of at least 33 percent of employees at the Facilities and of at least 50 employees.

4

31. Plaintiff was an "affected employee" within the meaning of the WARN Act because he may have reasonably been expected to experience employment loss as a consequence of the April 4, 2025 layoffs at the Facilities.

32. Defendant was required to but did not give Plaintiff 60 days' written notice of the April 4, 2025, layoffs at the Facilities.

33. Defendant failed to give as much notice of the April 4, 2025 layoffs at the Facilities as was practicable.

34. Defendant had no reasonable grounds for believing that giving affected employees no notice of the layoffs was not a violation of the WARN Act.

35. For Defendant's violation of the WARN Act, Plaintiff seeks damages amounting to back pay for each day of Defendant's violation plus benefits.

## PRAYER FOR RELIEF

36. Plaintiff asks that the Court:

i. Certify this action as a class action, appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

ii. Enter a judgment in Plaintiff's and the Class's favor awarding them the full damages to which the WARN Act entitles them;

iii. Award Plaintiff the costs of this action, including attorneys' fees, as allowed by law; and

iv. Order such further relief as the Court finds just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: 20 May, 2025   /s/ Terence R. Coates
   Terence R. Coates (0085579)
   Jonathan T. Deters (0093976)
   **MARKOVITS, STOCK & DEMARCO, LLC**
   119 East Court Street, Suite 530

5

Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
*tcoates@msdlegal.com*
*jdeters@msdlegal.com*

J. Gerard Stranch, IV
Michael C. Iadevaia
STRANCH, JENNINGS, & GARVEY, PLLC
223 Rosa Parks Ave. Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Lynn A. Toops*
Ian R. Bensberg*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
ibensberg@cohenmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
STRAUSS BORRELLI, LLP
One Magnificent Mile
980 North Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

*Attorneys for Plaintiff*

*Motion for admission *pro hac vice* forthcoming